IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MANUEL BURGOS, | No. CIV S-09-3276-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MATTHEW L. CATE, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are several motions by plaintiff requesting preliminary injunction and protective orders (Docs. 13, 14, 15, 24).

      In this action, plaintiff claims deliberate indifference to his medical needs.  He alleges the defendants have interfered with his medical treatment and prescribed unlimited ability to flush his toilet.  The claims arose while he was housed at California State Prison - Solano (CSP-Solano), and all of the defendants to this action are employed at CSP-Solano.  However, in April 2011, the court received notice that plaintiff had been transferred to Pleasant Valley State Prison (PVSP).  It is clear from his recent filings that plaintiff is still located at PVSP.

///

1         In his various motions for preliminary injunctive relief, plaintiff is requesting the
2 court's assistance in obtaining proper medical treatment, obtaining his required medical devices,
3 and protecting his legal documents.  However, none of the individual defendants in this action,
4 whom the court may have jurisdiction over, are presently involved in either his medical care or
5 have any power over his legal documents at his current institution.  Rather, given his current
6 housing situation, only persons who are not party to this action would have any control over
7 plaintiff's current situation, either medical or legal.
8         This court is unable to issue an order against individuals who are not parties to a
9 suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112
10 (1969).  In addition, where a prisoner is seeking injunctive relief with respect to conditions of
11 confinement, the prisoner's transfer to another prison renders the request for injunctive relief
12 moot, unless there is some evidence of an expectation of being transferred back.  See Prieser v.
13 Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991)
14 (per curiam).  As there is no evidence of such an expectation here, plaintiff's request must be
15 denied.
16         Based on the foregoing, the undersigned recommends that plaintiff's motions for
17 preliminary injunction (Docs. 13, 14, 15, 24) be denied.
18         These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
20 after being served with these findings and recommendations, any party may file written
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

1  objections with the court.  Responses to objections shall be filed within 14 days after service of
2  objections.  Failure to file objections within the specified time may waive the right to appeal.
3  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  September 1, 2011

*(signature)*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE