IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MANUEL BURGOS, | No. CIV S-09-3276-MCE-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER AND</u> |
| MATTHEW L. CATE, et al., | <u>FINDINGS & RECOMMENDATIONS</u> |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is another motion for preliminary injunction filed by plaintiff (Doc. 38).

Plaintiff is challenging the defendant's alleged deliberate indifference to his medical needs.  He claims interference with his medical treatment and ability to flush his toilet as prescribed.  The claims arose while he was housed at California State Prison - Solano (CSP-Solano), and all of the defendants to this action are employed at CSP-Solano.

Plaintiff's previous motions for preliminary injunctions and protective orders filed in this action have been denied on the grounds that plaintiff is no longer housed at CSP-Solano, and this court has no jurisdiction to issue an order against individuals who are not parties to a suit

1

pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The defendants to this action are employed at CSP-Solano, and plaintiff is now housed at Pleasant Valley State Prison (PVSP).  The conditions plaintiff is currently complaining about in his motion for preliminary injunction are occurring at PVSP.  The court does not have the power to issue an order against a non-party.  See id.  Any order issued by the court in this case would not have any force over his housing condition at PVSP.  In addition, there is no indication that there is any possibility of plaintiff being transferred back to CSP-Solano.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975).

That issue has not changed since plaintiff's last motion for preliminary injunction. Plaintiff is still housed at PVSP, and the court has no power in this action to order any prison official at PVSP to assign plaintiff to a single cell or to stop any possible retaliation.  Nor is there any indication that the defendants to this action have any authority over plaintiff's housing or other conditions of his confinement at PVSP.  As for plaintiff's request that he be transferred back to CSP-Solano, he cannot obtain that relief from this court.  See Olim v. Wakinekona, 461 U.S. 238 (1983) (holding that prisoner has no constitutional right to be housed in a particular prison or state).

Plaintiff is also requesting this court impose sanctions against the defendants "and their agents" arising from events that led to some prison disciplinary charges filed against plaintiff, a claim which is not part of this action, and an order recusing the California Attorney General from representing the defendants in this action.  Neither of these requests fall within the authority of the court in this action, and both will be denied.

Finally, plaintiff is requesting the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff has been able to articulate his claims and communicate with the court and the defense. His request for the appointment of counsel will be denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied;

2. Plaintiff's motion for sanctions is denied;

3. Plaintiff's motion to recuse the California Attorney General is denied; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff motion for preliminary injunction (Doc. 38) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2012

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE