IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MANUEL BURGOS, | No. 2:09-cv-3276-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MATTHEW L. CATE, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss (Doc. 23). Plaintiff filed an opposition to the motion, and defendants filed a reply.  This motion was filed prior to the Ninth Circuit's decision in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012).  In accordance with the Ninth Circuit's direction, plaintiff was provided additional notice as to what is required to oppose a motion to dismiss and an opportunity to file a supplemental opposition if he so chose.  No further briefs were filed in support or opposition to the motion to dismiss.

      **I.**    **BACKGROUND**

      This action proceeds on plaintiff's first amended complaint (Doc. 12). Plaintiff alleges in his amended complaint that the defendants were deliberately indifferent to his serious

medical needs, in violation of his Eighth Amendment rights, by interfering with his prescribed medical treatment. Specifically, plaintiff alleges the defendants refused to provide him with a firm foam mattress, replace his pillows, and have refused to allow him unlimited toilet flushes.

## II.    MOTION TO DISMISS

Defendants bring this motion to dismiss on the basis that plaintiff failed to exhaust his administrative remedies for all of his claims prior to filing this action. In their motion, defendants challenge both the claim relating to the foam mattress and the claim relating to the toilet flushes. However, plaintiff challenges the exhaustion issue in his opposition, claiming he has exhausted his claims and providing support for his claim relating to the foam mattress. The defendants do not challenge plaintiff's exhaustion argument relating to the foam mattress in their reply, but persevere regarding plaintiff's toilet flushes claim.

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S. Ct. 910 (2007).

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory

regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits.   548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.  Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  These regulations require the prisoner to proceed through several

levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal. See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached. The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment. The form must also be signed by all participating inmates. Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4). Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940. If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately. See id. at 939. The court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be appealed separate from the confidential "staff complaint" process. See id.

Here, defendants argue plaintiff failed to exhaust his administrative remedies as to two of his claims: denial of a foam mattress and denial of unlimited toilet flushes. Defendants argue plaintiff failed to submit his inmate grievance to the Director's Level of review. According to the defendants, the only relevant inmate grievance the plaintiff pursued through the third level

1  was appeal number CSP-S-09-02177, which involved lost personal property including plaintiff's

2  pillows.  However, this grievance did not include the issue of plaintiff's mattress or right to

3  unlimited toilet flushes.

4          In his opposition, plaintiff provides information on other inmate grievances he

5  filed, including SOL-24-09-12899 and SOL-24-09-10467.  In 09-12899, plaintiff does raise the

6  issue of a foam mattress.  It is a bit unclear whether the specific issue raised in the inmate

7  grievance is the same as the claim raised in this action, but it does appear that plaintiff was

8  unhappy about his mattress and that issue was addressed in the appeal.  See Doc. 25, at 23-35,

9  31-32.  Defendants do not challenge this in their reply brief.  The burden is on the moving party

10 to establish that plaintiff failed to exhaust his administrative remedies, which was not met in

11 regards to plaintiff's mattress claim.  See Wyatt, 315 F.3d at 1120.  Thus, the motion to dismiss

12 this claim should be denied.

13         As to plaintiff's unlimited flushes claim, plaintiff appears to have raised that issue

14 in his inmate appeal 09-10467.  However, plaintiff only filed this grievance to the First Level,

15 and did not complete the process.  At the First Level response, it was found that plaintiff's

16 request for unlimited toilet flushes was not medically indicated and was thus denied.  The

17 decision specifically states "Your request for a chrono for unlimited toilet flushes is denied."

18 Doc. 25 at 6.  While other portions of this grievance were granted, this request was not.  There

19 are circumstances where a partial grant of an inmate grievance at a lower level is sufficient to

20 exhaust a claim, but this is not one of them.  See Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir.

21 2010) ("An inmate has no obligation to appeal from a grant of relief, or a partial grant that

22 satisfies him, in order to exhaust his administrative remedies.")  This is not one of those

23 situations.  Plaintiff's request for unlimited toilet flushes was specifically denied and he did not

24 appeal that decision to the next level.  As such, he failed to exhaust this claim.  The motion to

25 dismiss should therefore be granted as to this claim.  This is the only claim related to the Doe

26 defendants, who should likewise be dismissed from this action.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismissed be granted in part, plaintiff's claims relating to the denial of unlimited toilet flushes be dismissed, the Doe defendants be dismissed, and this action continue on plaintiff's claims relating to the foam mattress and pillows against defendants Capel, Clay and Haseltine. Defendants Capel, Clay and Haseltine should further be directed to file an answer within 14 days of the order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 17, 2012

                                             **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE