.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD MANUEL BURGOS, | No. 2:09-cv-3276-MCE-CMK-P |
| Plaintiff, | |
| vs. | |
| MATTHEW L. CATE, et al., | ORDER OF REFERRAL FOR SETTLEMENT WEEK AND SETTING SETTLEMENT CONFERENCE |
| Defendants. | |
| | June 13, 2013, 10:00 a.m. |

/

      Plaintiff is a state prisoner proceeding pro se in a civil rights pursuant to 42 U.S.C. §
1983.  The court has determined that this case will benefit from a settlement conference;
therefore, this case will be referred to Magistrate Judge Edmund F. Brennan for the court's
Settlement Week Program to conduct a settlement conference at the U.S. District Court, 501 I
Street, Sacramento, California 95814 in Courtroom #8 on June 13, 2013 at 10:00 a.m.  A
separate writ of habeas corpus ad testificandum will issue forthwith.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1.  This case is set for a settlement conference before Magistrate Judge Edmund
F. Brennan on June 13, 2013, at 10:00 a.m. at the U. S. District Court, 501 I Street, Sacramento,
California 95814 in Courtroom #8.

1    2. A representative with full and unlimited authority to negotiate and enter into a

2  binding settlement on defendants' behalf shall attend in person.[1]

3    3. Those in attendance must be prepared to discuss the claims, defenses and

4  damages. The failure of any counsel, party or authorized person subject to this order to appear in

5  person may result in the imposition of sanctions. In addition, the conference will not proceed

6  and will be reset to another date.

7    4. Each party shall provide a confidential settlement conference statement to

8  Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at

9  spark@caed.uscourts.gov, so they arrive no later than June 5, 2013 and file a Notice of

10  Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

11    Settlement statements **should not be filed** with the Clerk of the court **nor served**

12  **on any other party**. Settlement statements shall be clearly marked "confidential" with the date

13  and time of the settlement conference indicated prominently thereon.

14    The confidential settlement statement shall be **no longer than five pages** in

15  length, typed or neatly printed, and include the following:

16    a. A brief statement of the facts of the case.

17

18    [1]While the exercise of its authority is subject to abuse of discretion review, "the district
court has the authority to order parties, including the federal government, to participate in
19  mandatory settlement conferences... ." United States v. United States District Court for the
Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has
20  broad authority to compel participation in mandatory settlement conference[s]."). The term "full
authority to settle" means that the individuals attending the settlement conference must be
21  authorized to fully explore settlement options and to agree at that time to any settlement terms
acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653
22  (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396
(9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion
23  and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker
Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v.
24  Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the
attendance of a person with full settlement authority is that the parties' view of the case may be
25  altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle
for a limited dollar amount or sum certain can be found not to comply with the requirement of
26  full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

1          b. A brief statement of the claims and defenses, i.e., statutory or other

2  grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of

3  prevailing on the claims and defenses; and a description of the major issues in dispute.

4          c. A summary of the proceedings to date.

5          d. An estimate of the cost and time to be expended for further discovery,

6  pretrial, and trial.

7          e. The relief sought.

8          f. The party's position on settlement, including present demands and

9  offers and a history of past settlement discussions, offers, and demands.

10          g. A brief statement of each party's expectations and goals for the

11  settlement conference.

12

13   DATED:  May1, 2013

14

_____
15  **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26