**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RICHARD MANUEL BURGOS,                    No. CIV S-09-3276-MCE-CMK-P

      Plaintiff,

    vs.                                                    FINDINGS AND RECOMMENDATIONS

MATTHEW L. CATE, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for temporary restraining order (Doc. 50).

      In this action, plaintiff claims deliberate indifference to his medical needs.  He alleges the defendants have interfered with his medical treatment and prescribed unlimited ability to flush his toilet.

      In his motion for a temporary restraining order, plaintiff is requesting the court's assistance in recovering his legal documents and other property following a prison transfer. Plaintiff does not identify any particular individual who he is requesting the court issue an order against.  There are no claims in this action related to plaintiff's property or legal documents, but

1  rather to the interference of his medical treatment.  It is unclear from his motion, but it does not

2  appear that the defendants in this action were involved in plaintiff's transfer nor in his ability to

3  retain his property.

4          The legal principles applicable to requests for injunctive relief, such as a

5  temporary restraining order or preliminary injunction, are well established.  To prevail, the

6  moving party must show that irreparable injury is likely in the absence of an injunction.  See

7  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

8  Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser

9  standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

10 controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

11 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is

12 likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

13 injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

14 interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

15         Here, plaintiff has filed a request for injunctive relief against individuals who are

16 not named as defendants in this action.  This court is unable to issue an order against individuals

17 who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research,

18 Inc., 395 U.S. 100, 112 (1969).  The request must, therefore, be denied.

19         Based on the foregoing, the undersigned recommends that plaintiff's motion for

20 temporary restraining order (Doc. 50) be denied.

21         These findings and recommendations are submitted to the United States District

22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

23 after being served with these findings and recommendations, any party may file written

24 objections with the court.  Responses to objections shall be filed within 14 days after service of

25 / / /

26 / / /

1   objections.  Failure to file objections within the specified time may waive the right to appeal.

2   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4    DATED:   June 17, 2013

5                                                                _____

6                                                                **CRAIG M. KELLISON**
                                                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26