IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MANUEL BURGOS,  No. CIV S-09-3276-MCE-CMK-P

    Plaintiff,

  vs.  ORDER

MATTHEW L. CATE, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

       Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, plaintiff's filings demonstrate that he is articulate and capable of presenting his claims on his own.  For example, his filings are well organized and his writing is clear and cogent.  Second, the facts and law relating to plaintiff's Eighth Amendment medical care claims are not overly complex.  Finally, the court cannot say that plaintiff has demonstrated any particular likelihood of success on the merits.  While his claims have survived a motion to dismiss, a review of the filings thus far indicate there is not a high likelihood of success.  Indeed, the defendants have provided the court with additional information, in response to plaintiff's motion for temporary restraining order, which indicate plaintiff is unlikely to be able to prove the defendants were deliberately indifferent to his medical needs.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 52) is denied.

DATED: September 30, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE